*Parker v. Burt*, No. 12-15325

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VOL PARKER,

        Petitioner,

                              CASE NO. 12-cv-15325
v.                             HONORABLE ARTHUR J. TARNOW

SHERRY BURT,

        Respondent.

_____/

**<u>ORDER GRANTING PETITIONER'S MOTION FOR A STAY,
GRANTING RESPONDENT'S MOTION TO HOLD
THE ORDER FOR RESPONSIVE PLEADING IN ABEYANCE,
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES</u>**

      This matter is pending before the Court on petitioner Vol Parker's *pro se* habeas corpus petition challenging his 1988 convictions for first-degree murder. Petitioner filed his habeas petition on December 4, 2012. On the same day, he moved to stay these proceedings while he exhausted additional state remedies. On December 7, 2012, the Magistrate Judge ordered Respondent to file a response to the petition by February 11, 2013. Respondent then moved to hold the Magistrate Judge's order in abeyance until the Court rules on Petitioner's motion for a stay. For reasons set forth below, both Petitioner's motion for a stay and Respondent's motion to hold the Magistrate Judge's order in abeyance are granted.

## I.  Background

      In 1988, a Wayne County jury found Petitioner guilty of three counts of premeditated murder and three counts of felony murder. He was sentenced to six concurrent terms of life imprisonment without the possibility of parole. In an appeal as of right, Petitioner argued that

*Parker v. Burt*, No. 12-15325

(1) there was insufficient evidence presented at his preliminary examination to bind him over to circuit court and (2) there was insufficient evidence presented at trial to support his murder convictions. The Michigan Court of Appeals affirmed Petitioner's three felony murder convictions, but vacated his convictions and sentences for premeditated murder. *See People v. Parker*, No. 114056 (Mich. Ct. App. July 23, 1990). Petitioner did not appeal the Court of Appeals decision to the Michigan Supreme Court.

Petitioner raised eight issues in a subsequent post-conviction motion. The trial court held an evidentiary hearing on Petitioner's claim that he had new evidence regarding a prosecution witness's recantation of his trial testimony. At the conclusion of the hearing, the trial court denied Petitioner's motion. The court stated that Petitioner had failed to show a recantation of testimony or any change in the factual basis upheld by the Michigan Court of Appeals. Petitioner argued on appeal from the trial court's decision that his right to due process was violated by his inability to obtain the transcript of trial. Both state appellate courts denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Parker*, No. 302022 (Mich. Ct. App. Mar. 18, 2011); *People v. Parker*, 490 Mich. 967; 806 N.W.2d 313 (2011) (table).

Petitioner filed his habeas corpus petition in this Court on December 4, 2012. He asserts that: (1) the trial court lost or destroyed the transcript of his jury trial, making it impossible for him to establish that constitutional errors and violations occurred at trial; (2) the state appellate courts refused or failed to adjudicate his claims; and (3) he is entitled to habeas corpus relief as a matter of due process and equal protection of the law.

2

*Parker v. Burt,* No. 12-15325

In his motion for a stay, Petitioner says that he would like to return to state court to raise additional issues regarding his trial attorney, the sufficiency of the evidence, and the prosecutor's conduct.  He also purports to have evidence that he is actually innocent of the crimes for which he was convicted.

## II.  Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). State prisoners must present their claims to the state court of appeals and to the state supreme court before raising their claims in a federal habeas corpus petition.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner wants to pursue state remedies for certain unexhausted claims regarding his trial attorney, the prosecutor, and the sufficiency of the evidence at trial.  He also purports to have evidence of actual innocence, and he claims that none of these issues have been raised in state court.

A dismissal of this case while Petitioner pursues state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[1]  In similar circumstances, some courts have adopted a "stay-and-

---

[1]  It appears that the statute of limitations may have already run on Petitioner's claims, but he may be entitled to equitable tolling on the basis of his claim of actual innocence.  *See Souter v. Jones*, 395 F.3d 577, 599, 601 (6th Cir. 2006) (stating that, "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate" and concluding "that constitutional concerns counsel in favor of upholding equitable tolling [of the habeas statute of limitations] based on a credible claim of actual innocence").

3

*Parker v. Burt,* No. 12-15325

abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate returns to state court to pursue remedies for his or her unexhausted claims. *Id*. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76. Stay and abeyance are permissible when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Petitioner asserts that he could not have raised his claims sooner because he only recently discovered the factual predicate for the claims. He also implies that his attorneys were "cause" for the failure to raise his new claims on appeal or in his post-conviction motion. His unexhausted claims, moreover, are not plainly meritless, and he is not engaged in abusive litigation tactics.

The Court recognizes that Petitioner has already filed one post-conviction motion and may not be eligible to file another one. *See* Mich. Ct. R. 6.502(G)(1) (stating that, "after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction"). Nevertheless, Petitioner may be able to persuade the state court that he falls within an exception to the rule for "new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). The Court therefore concludes that it is not an abuse of discretion to hold the habeas petition in abeyance pending exhaustion of state remedies.

Accordingly,

4

*Parker v. Burt,* No. 12-15325

IT IS ORDERED that Petitioner's motion for a stay [dkt. #2, dated Dec. 4, 2012] is **GRANTED**.

IT IS FURTHER ORDERED that, because a responsive pleading is not needed at this time, Respondent's motion to hold the order for responsive pleading in abeyance [dkt. #8, dated Feb. 8, 2013] likewise is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner shall file a post-conviction motion in the trial court, if he has not already done so, within **ninety (90) days** of the date of this order.  If he is unsuccessful in state court and then wants to return to federal court, he must file an amended habeas corpus petition and a motion to re-open this case, using the same caption and case number that appear on this order.  The motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies.  Finally,

IT IS ORDERED that the Clerk of the Court shall close this case for administrative purposes.  This administrative closing shall not be construed as a dismissal or adjudication of Petitioner's claims.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 6, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant